Dalton VICKNAIR; Francis Ann
Vicknair, Plaintiffs–
Appellants,

v.

FORMOSA PLASTICS CORPORATION,
LOUISIANA; Harold Deemer,
Defendants–Appellees.

No. 95–31149
(Summary Calendar).

United States Court of Appeals,
Fifth Circuit.

Oct. 18, 1996.

Ralph L. Fletcher, Fletcher, Roy & Morain, Baton Rouge, LA, for plaintiffs-appellants.

Gayla M. Moncla, Breazeale, Sachse & Wilson, Baton Rouge, LA, for defendants-appellees.

Before WIENER, PARKER and DENNIS, Circuit Judges.

WIENER, Circuit Judge:

In this appeal we are asked to determine whether a manufacturer may claim tort immunity as a "statutory employer" under Louisiana's Workers' Compensation laws when an employee of an independent transportation contractor is injured while delivering component materials from a third-party vendor to that manufacturer. This case comes to us following the district court's grant of the manufacturer's Motion for Summary Judgment, dismissing the injured employee's suit after the court found the manufacturer to be a statutory employer. We conclude that the Louisiana Supreme Court's recent announcement of a major change in the law that governs the principal issue here on appeal makes prudent a vacatur of the district court's summary judgment and a remand for reconsideration in light of that law change.

## I.

### FACTS AND PROCEEDINGS

Plaintiff–Appellant Dalton Vicknair (Dalton) was employed by Regeant Chemical Co. as a truck driver and was injured while delivering hydrochloric acid from a third-party vendor to the Baton Rouge plant of Defendant–Appellant, Formosa Plastics Corporation (Formosa). Dalton and his wife (collectively, plaintiffs) filed suit in state court against Formosa and one of Formosa's employees, Defendant–Appellant Harold Demmer (collectively, defendants), alleging negligence and strict liability. The defendants removed the suit to federal court on the basis of diversity.[1] Subsequent to removal, the Louisiana Workers' Compensation Corporation intervened, seeking to recover benefits paid on behalf of Regeant to and for Dalton. Formosa also filed a third party demand against Regeant.

Defendants eventually filed a Motion for Summary Judgment, claiming that Formosa was Dalton's "principal" or "statutory employer" at the time of his accident and was therefore immune from tort liability under Louisiana's Workers' Compensation laws.[2] Finding that Dalton's work for Regeant— transporting chemicals from a third-party vendor and delivering them to Formosa— was an integral part of Formosa's chemical and plastics manufacturing business and concluding that Formosa was therefore Dalton's statutory employer, the district court granted defendants' Motion for Summary Judgment and dismissed plaintiffs' suit. As seen in its Order and Reasons for granting the motion, the district court employed the liberal "integral relationship" test for determining statutory employer status, a test originally developed by the Louisiana Supreme Court in *Thibodaux v. Sun Oil Co.*,[3] and interpreted by this court in *Thompson v. Georgia Pacific Corp.*[4] and *Salsbury v. Hood Indus., Inc.*[5] In so doing, the district court expressly declined plaintiffs' invitation to depart from the "integral relationship" test and apply the "totality of the circumstances" approach recently employed by the Louisiana Second Circuit Court of Appeal in *Kirkland v. Riverwood Int'l USA, Inc.*[6]

Plaintiffs timely appealed the district court's summary judgment. After being advised by plaintiffs that the Louisiana Supreme Court had granted writs to review the intermediate appellate court's decision in *Kirkland,* we elected to hold this appeal in abeyance pending completion of the state supreme court's review.

## II.

### ANALYSIS

On September 13, 1996, the Louisiana Supreme Court announced its decision in *Kirkland,* affirming the state's Second Circuit by explicitly adopting the "totality of the circumstances" approach to determining statutory employer status.[7] In reaching its decision, the court analyzed the effect of the Louisiana legislature's 1989 amendments to La.Rev. Stat.Ann. 23:1061 on prior statutory employer jurisprudence and expressly rejected the interpretation previously given to those amendments by some Louisiana intermediate appellate courts and by this court in cases such as *Thompson* and *Salsbury.*[8] In so

---

1. Although the case was removed to and was pending in the Middle District of Louisiana, the case was assigned to United States District Judge Charles Schwartz, Jr. of the Eastern District of Louisiana, sitting in the Middle District by designation.

2. *See* La.Rev.Stat.Ann. §§ 23:1032 & 1061.

3. 218 La. 453, 49 So.2d 852, 854 (1950).

4. 993 F.2d 1166, 1168–69 (5th Cir.1993).

5. 982 F.2d 912, 916 (5th Cir.1993).

6. 658 So.2d 715, 720, 721 (La.Ct.App. 2nd Cir. 1995).

7. 681 So.2d 329, 336 (La.1996).

8. In *Thompson,* this court, interpreting the effect of the 1989 amendments on La.Rev.Stat.Ann. § 1061, observed that the so called *"Berry* factors," derived from *Berry v. Holston Well Serv., Inc.,* 488 So.2d 934 (La.1986), "cannot be used at all—either by themselves or in combination with other factors. The only appropriate test is the integral relation test." 993 F.2d at 1168–69 (citing *Salsbury,* 982 F.2d at 916). This understanding was unambiguously rejected as erroneous in *Kirkland* in which the court held that the 1989 amendments to La.Rev.Stat.Ann. § 23:1061

doing, the Louisiana Supreme Court cautioned that "[a] totality of the circumstances inquiry is frequently difficult to accomplish on motion for summary judgment." [9] In sum, the highest court of the state established in *Kirkland* a significantly different methodology [10] and standard [11] than had been used here by the district court in determining that Formosa was Dalton's statutory employer.

Given this supervening jurisprudential "sea change" regarding Louisiana's workers' compensation law, we elect to vacate the district court's summary judgment and remand the case to that court so that it may reexamine its ruling in light of *Kirkland.* We emphasize, however, that this vacatur and remand does not reflect a determination on our part that the district court erred in its statutory employer analysis; neither does it imply a determination whether the result originally reached by the district court will or will not have to be changed as a result of *Kirkland*'s new law rule. To the contrary, the district court analyzed the issue under what was, until *Kirkland,* clearly governing law,[12] and we have attempted no de novo analysis of the summary judgment evidence under the *Kirkland* methodology. Our vacatur and remand here is purely prudential, to afford the trial court the first opportunity to test Formosa's asserted statutory employer status under the new *Kirkland* methodology.

Accordingly, the district court's grant of defendants' Motion for Summary Judgment, dismissing plaintiffs' suit, is vacated and the case is remanded for further proceedings consistent with this opinion.

**VACATED and REMANDED.**

---

only partially, and to a very limited extent, overruled *Berry.* See *Kirkland,* 681 So.2d at 335–36.

9.  *Id.* 681 So.2d at 336–37.

10. The court laid out eight factors to be considered in determining whether a statutory employment relationship exists. *Id.* 681 So.2d at 336–37.

11. The court held that "the appropriate standard … is for the court to consider *all pertinent factors* under the totality of the circumstances." *Id.* 681 So.2d at 336. (emphasis added).

12. We recognize the possibility that the district court's partial reliance on *Bowens v. General Motors Corp.,* 608 So.2d 999, 1002 (La.1992) (contractor's interstate transportation of GM parts was part of GM's trade, business or occu-

pation) might survive *Kirkland,* given that *Bowens* was decided under a stricter *"Berry"*-type test. Yet we also acknowledge that even though *Bowens* was factually somewhat similar to this case in that it involved an independent contractor's interstate transportation of auto parts from a manufacturing plant to an assembly plant, some potentially distinguishing facts were present in this case, principally that (1) Regeant was transporting a chemical component from an outside source to Formosa but the *Bowens* transporter was hauling GM parts from one GM plant to another; and (2) this contract represented only a small fraction of Regeant's business and Dalton's work, but the *Bowens* transporter apparently did much of its work for GM. To say the least, *Bowens* applicability is clouded by *Kirkland*'s new "totality of the circumstances" approach.