United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 28, 2006**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-30868

SUE ANN EASTERLING,

Plaintiff - Appellant,

v.

SCHOOL BOARD OF CONCORDIA PARISH, ET AL.,

Defendants

SCHOOL BOARD OF CONCORDIA PARISH,

Defendant - Appellee.

Appeal from the United States District Court
for the Western District of Louisiana
1:03-CV-985

Before JONES, Chief Judge, and BARKSDALE and BENAVIDES, Circuit
Judges.

PER CURIAM:[*]

Sue Ann Easterling filed the present suit against the School
Board of Concordia Parish ("School Board") alleging various sex-
based discrimination claims under the First and Fourteenth
Amendments, Title VII of the Civil Rights Act, 42 U.S.C. § 1983,

---

[*]Pursuant to 5TH CIR. R. 47.5, this Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and related Louisiana statutes.  The district court awarded the School Board summary judgment on Easterling's retaliation and constructive discharge claims.[1]  Easterling appeals.  We vacate and remand in part and affirm in part.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

Easterling is a teacher formerly employed at Vidalia High School in Concordia Parish.  She has a degree in physical education, a minor in secondary education, and state certification to teach physical education and adaptive physical education.  In more than twenty years of service as a teacher, Easterling has coached basketball, track and field, volleyball, gymnastics, and softball.

In February 2001, Easterling applied for the position of head coach of the high school girls' basketball team and did not get the position.  Instead, the school board hired a male applicant.  The hired coach had experience coaching girls at the high school level but only possessed a temporary teaching certificate.  Easterling filed a formal charge against the School Board with the Equal Employment Opportunity Commission ("EEOC").  She received a "right to sue" letter from the EEOC on March 8, 2003.  Easterling later added retaliation charges to her complaint, receiving a second "right to sue" letter on March 16, 2004.

---

[1]The court denied the School Board summary judgment on Easterling's discrimination claim.  That portion of the court's decision is not part of this appeal.

Easterling claims that the defendant retaliated against her for filing the discrimination claim with the EEOC. She alleges that the School Board (1) assigned her to two working offices ten miles apart without increasing her compensation, (2) placed her in an office that was inferior to those of other employees in her position and had a foul odor,[2] (3) forced her to work outdoors for the first time in her twelve-year employment history with the School Board, (4) hindered her success in her coaching efforts by removing certain students from her teams, (5) removed her privilege of writing directive memos, (6) prevented her from having weekly Friday practices, (7) prevented her from routinely doing community outings with students, (8) did not allow her access to files and records during her preparation period, (9) prevented her from reporting to other locations when needed, and (10) excluded her from school-oriented social activities. Finally, Easterling alleges that the School Board denied her a transfer to a higher paying behavioral interventionist position. Instead, the School Board hired two applicants who lacked teacher certification but held master's degrees.

Easterling resigned from her employment in May 2004. For the same reasons enumerated above, she claims constructive discharge.

---

[2]Easterling contends that one of her new offices was so inadequate that it gave her a respiratory infection.

## II. STANDARD OF REVIEW

This Court reviews a district court's grant of summary judgment *de novo*, applying the same standards as the district court. *Hirras v. Nat'l R.R. Passenger Corp.*, 95 F.3d 396, 399 (5th Cir. 1996). Summary judgment should be granted only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). The evidence should be viewed in the light most favorable to the nonmoving party. *Am. Home Assurance Co. v. United Space Alliance*, 378 F.3d 482, 486 (5th Cir. 2004).

## III. DISCUSSION

### A. Retaliation

The Supreme Court recently clarified the requirement for proving retaliation under Title VII in *Burlington Northern & Santa Fe Railway v. White*, No. 05-259, slip. op. at 1–2 (U.S. June 22, 2006). It held that "the anti-retaliation provision does not confine the actions and harms it forbids to those that are related to employment" and rejected standards "that have limited actionable retaliation to so-called 'ultimate employment decisions.'" *Id.* at 12. The district court, applying precedent from this Circuit, conducted its analysis under the old, now rejected, standard. For that reason, we vacate the award of summary judgment on Easterling's retaliation claim and remand for a determination consistent with *Burlington Northern*.

4

B.  Constructive Discharge

Easterling's constructive discharge claim fails as a matter of law.  To prove constructive discharge, a plaintiff must prove that working conditions are so intolerable that "a reasonable person would have felt compelled to resign." *Pennsylvania State Police v. Suders*, 542 U.S. 129, 141 (2004).  The environment must be "something more" than that present in a harassment or hostile work environment claim; a plaintiff must show a "'worse case' harassment scenario, harassment ratcheted up to the breaking point." *Id.* at 147-48.  Easterling has failed to meet this standard.

In analyzing a constructive discharge claim, a court must look to the individual facts of each case without regard to the employee's subjective state of mind. *Barrow v. New Orleans S.S.*, 10 F.3d 292, 297 (5th Cir. 1994).  We have recognized the following nonexclusive list of factors as being relevant to the determination:

> (1) demotion; (2) reduction in salary; (3) reduction in job responsibilities; (4) reassignment to menial or degrading work; (5) reassignment to work under a younger supervisor; (6) badgering, harassment, or humiliation by the employer calculated to encourage the employee's resignation; and (7) offers of early retirement that would make the employee worse off regardless of whether the offer was accepted or not.

*Id.*  Easterling does not argue that any of these factors exist.  Rather, she rehashes evidence used to support her retaliation claim.  While she suggests that the School Board's conduct amounted to a type of humiliation and harassment, her evidence falls

5

woefully short of creating a fact issue under *Suders*. *See also Robinson v. Waste Management of Texas*, 122 F.App'x 756, 759 (5th Cir. 2004) (unpublished) (where the plaintiff alleged only the sixth factor, she did not "demonstrate that her boss's actions were calculated to encourage her resignation").

## IV. CONCLUSION

For the reasons explained above, the district court's grant of summary judgment on the retaliation claim is VACATED and REMANDED for consideration under *Burlington Northern*. The grant of summary judgment on the constructive discharge claim is AFFIRMED. In addition, Appellee's motion for leave to file supplemental briefing is DENIED.