# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-31347
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 22, 2015

Lyle W. Cayce
Clerk

ERYON LUKE,

      Plaintiff - Appellant

v.

CPLACE FOREST PARK SNF, L.L.C., doing business as Nottingham
Regional Rehab Center,

      Defendant - Appellee

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:13-CV-402

Before REAVLEY, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

The plaintiff in this case claims that her employer, the defendant, violated Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act of 1978, 42 U.S.C. § 2000e(k), when it declined to make reasonable accommodations to her job duties that would have allowed her to continue working during her pregnancy and instead terminated her

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

employment.  The district court granted summary judgment to the defendant, and the plaintiff appealed.  While this appeal was pending, and after both parties filed their initial briefs, the Supreme Court handed down *Young v. United Parcel Service, Inc.*, 135 S. Ct. 1338 (2015).  The Court in *Young*, abrogating precedent from this circuit, *see id.* at 1348 (abrogating *Urbano v. Continental Airlines, Inc.*, 138 F.3d 204 (5th Cir. 1998)), laid out a new analysis for Title VII claims, such as the one presented here, that an employer's failure to accommodate pregnancy constitutes sex discrimination.  *See id.* at 1353-55. Given this intervening change in the law, we conclude that the parties here must be afforded an opportunity to present their claims and defenses in light of *Young*, and the district court should decide the matter under current law in the first instance.  *See Easterling v. Sch. Bd. of Concordia Parish*, 196 F. App'x 251, 253 (5th Cir. 2006) (unpublished) (after intervening change in Title VII law, vacating district court's judgment and remanding for decision based on new law).  Therefore, the district court's summary judgment as to the Title VII claim is VACATED, but the court's judgment is AFFIRMED in all other respects,[1] and the case is REMANDED.  On remand, the district court should decide whether, and to what extent, additional discovery is appropriate.

---

[1] We have considered the plaintiff's arguments regarding her claim under LA. REV. STAT. ANN. § 23:342(2)(b) and conclude that they are without merit.