# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

September 4, 2015

Lyle W. Cayce
Clerk

No. 12-41233
Summary Calendar

SERGIO CARLOS SERRANO-CORDERO; CONSUELO MORA-GARCIA, as next friend of S. C. M., J. C. M., and C. C. M., minors; ALEX IVAN CORDERO MORA,

> Plaintiffs - Appellants

v.

KROGER TEXAS, L.P., doing business as and also known as Kroger Company Southwest Division and Kroger,

> Defendant - Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:10-CV-483

Before REAVLEY, SMITH, and HIGGINSON, Circuit Judges.

PER CURIAM:*

While at work, Appellant Sergio Carlos Serrano-Cordero slipped, fell, and injured himself while cleaning a floor at the behest of his employer, Kroger Texas, L.P. ("Kroger"). Serrano-Cordero and members of his family

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-41233

(collectively, "Appellants") brought various claims against Kroger, a nonsubscriber to workers' compensation insurance. The district court granted summary judgment with respect to all claims sounding in negligence. *See Serrano-Cordero v. Kroger Texas L.P.*, No. 4:10-CV-00483, 2012 WL 3930629, at \*4 (E.D. Tex. Aug. 15, 2012) report and recommendation adopted, 2012 WL 3930056 (Sept. 10, 2012). After a trial, the jury returned a verdict in favor of the defense on Appellants' sole remaining claim, premises liability. Appellants seek to revive their negligence-based claims with this challenge to the grant of summary judgment.

Summary judgment as to Appellants' negligence-based claims was granted in favor of Kroger based on two conclusions of law:

> The difficulty with Plaintiff's negligence theory is twofold. First, he fails to present any authority to the Court that suggests it should construe Defendant's actions—be they failure to train, monitor, supervise, hire competent employees, etc.—as ongoing or contemporaneous . . . . Plaintiff directs the Court to consider deposition testimony as proof that contemporaneous activity caused his injuries, citing Defendant's alleged failure to provide adequate rules for safety, alleged failure to properly train Plaintiff on his duties, and alleged failure to educate on and enforce its policies and procedures. But even when viewed in a light favorable to Plaintiff, the acts of training, hiring, supervising, or setting and enforcing policy simply have no "contemporary" or "ongoing" context akin to that found in *Keetch* [*v. Kroger Co.*, 845 S.W.2d 262 (Tex. 1992),] and progeny when considering Plaintiff's incident. Second, a slippery floor—a condition caused by the combination of grease and cleaning chemicals—injured Plaintiff. Texas courts have applied premises liability law to employee slip and fall actions alleging injuries caused by unsafe working conditions. [Citation.] Plaintiff himself acknowledges that he slipped on a floor slickened with grease already present in the cooler that mixed in with the cleaning solution he sprayed on the floor. But in his attempt to reach beyond the immediate cause of his injury, Plaintiff never loses focus on his actual injuring source—a slip and fall on a grease-and-chemical slickened floor. And because this is

2

No. 12-41233

the focal point of his allegations, his claim properly fits under premises law as conceived in Texas.

*Serrano-Cordero*, 2012 WL 3930629, at *4.

The legal analysis underpinning the grant of summary judgment has since proven incorrect. It is true, generally, that "when a claim does not result from contemporaneous activity, the invitee has no negligent-activity claim, and his claim sounds exclusively in premises-liability." *Austin v. Kroger Texas, L.P.*, No. 14-0216, 2015 WL 3641066, at *15 (Tex. June 12, 2015). When, however, "the landowner is also an employer and the invitee is also its employee, this additional relationship may give rise to additional duties, such as a duty to provide necessary equipment, training, or supervision." *Id.*; *see also Kroger Co. v. Milanes*, No. 14-13-00873-CV, 2015 WL 4594098, at *9 (Tex. App. July 30, 2015) (applying *Austin*, and observing that "continuous, non-delegable duties" of an employer include "the duties to (1) furnish a reasonably safe place to work, (2) warn employees of hazards of their employment that are not commonly known or already appreciated, (3) supervise employees' activities, (4) hire competent co-employees, (5) furnish reasonably safe instrumentalities with which to work, and (6) provide safety regulations").

"Because contemporaneous negligent activity is not necessary to an instrumentalities claim, the absence of contemporaneous activity does not necessarily bar an instrumentalities claim." *Austin*, 2015 WL 3641066, at *15. The same is true for claims premised on failure to train or supervise. Both claims are backward-looking by their very nature. Moreover, the duty not to injure through "contemporaneous negligent activity" is a duty owed by a landowner to an invitee, and is conceptually distinct from the separate duties owed by employers to properly train and supervise employees. *See id.*

Here, Appellants' negligence theories include failure to train, failure to supervise, and failure to provide necessary equipment. These theories of

No. 12-41233

negligence arise out of the employer–employee relationship between Kroger and Serrano-Cordero.  Contrary to the conclusions of the lower court, the presence of a premises liability claim is no bar.  *See id.*  ("When an injury arises from a premises condition, it is often the case that any resulting claim sounds exclusively in premises liability, but that is not necessarily the case.  An injury can have more than one proximate cause.").  Contrary to the conclusions of the lower court, a plaintiff asserting such claims need not show contemporaneous negligent activity.  *See id.*

We reverse and remand to permit the district court, in the first instance, to consider whether, in light of *Austin* and *Milanes*, evidence proffered by Appellants is sufficient to create a fact issue precluding summary judgment.  *See generally Luke v. CPlace Forest Park SNF, L.L.C.*, 608 F.App'x 246 (5th Cir. 2015).  Therefore, the district court's judgment is VACATED and the case is REMANDED for further proceedings consistent with this opinion.  On remand, the district court should decide whether, and to what extent, additional discovery is appropriate.