# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-11349
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 14, 2015

Lyle W. Cayce
Clerk

JACKIE SUE LADAPO,

Plaintiff - Appellant

v.

TARGET STORES, INCORPORATED,

Defendant - Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:14-CV-2602

Before REAVLEY, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:*

Jackie Sue Ladapo, alleging that she was a business invitee injured at a Target store, sued Target Stores, Incorporated ("Target") in state court. Target removed the case to federal court and moved to dismiss the case under Federal Rule of Civil Procedure 12(c). The district court granted Target's motion and dismissed the case. Ladapo timely appealed.

This case concerns the question of whether Ladapo, as an employee of an independent contractor who was working at Target, is barred from recovering

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-11349

under a premises liability theory because she had knowledge of the dangerous condition. *See generally Gen. Elec. Co. v. Moritz*, 257 S.W.3d 211 (Tex. 2008). It is undisputed that Ladapo previously complained of the defective drawer that later injured her.  On this basis, the district court dismissed her complaint.

After the district court ruled, however, the Texas Supreme Court issued its opinion on certified question from our court in *Austin v. Kroger Texas, L.P.*, 58 Tex. Sup. Ct. J. 1154, 2015 Tex. LEXIS 559 (June 12, 2015).  Although that case involved a non-subscribing employer, the Texas Supreme Court addressed premises liability generally, including by recognizing a "necessary–use exception" to the general rules of premises liability.  *Id.* at *18–19, 24–29. Target argues that *Austin* reaffirms *Moritz* for independent contractors while Lapado argues that the "necessary-use exception" announced in that case applies to her situation.

We conclude that the case should be remanded to the district court to address the pleadings, including any requests to amend the pleadings, anew in light of the decision in *Austin.  See, e.g., Luke v. CPlace Forest Park SNF, L.L.C.*, 608 F. App'x 246 (5th Cir. 2015) (unpublished) (remanding in light of an "intervening change in the law" so that the parties could "be afforded an opportunity to present their claims and defenses in light of [the new precedent],"and so that the district court could "decide the matter under current law in the first instance"); *Easterling v. Sch. Bd. of Concordia Parish*, 196 F. App'x 251, 253 (5th Cir. 2006) (unpublished) (similar).

Accordingly, we VACATE the district court's judgment and REMAND to the district court for proceedings consistent with this opinion.