# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-11651
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 17, 2017

Lyle W. Cayce
Clerk

REINHARD DRECHSEL,

Plaintiff - Appellant

v.

LIBERTY MUTUAL INSURANCE COMPANY, doing business as Peerless
Insurance Company,

Defendant - Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:14-CV-162

Before JONES, WIENER, and, CLEMENT, Circuit Judges.

PER CURIAM:[*]

Reinhard Drechsel worked for Liberty Mutual Insurance Company
("Liberty"). After leaving the company in 2012, Drechsel sued Liberty, alleging
*inter alia* age discrimination under the Texas Commission on Human Rights
Act of 1983 ("TCHRA") and Age Discrimination in Employment Act of 1967
("ADEA"), disability discrimination under the TCHRA and American with

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 16-11651

Disabilities Act of 1990 ("ADA") as amended by the ADA Amendments Act of 2008 ("ADAA"), and retaliation in violation of the Family Medical Leave Act ("FMLA"). The district court granted Liberty's motion for summary judgment and dismissed all of Drechsel's claims. Drechsel appeals. We AFFIRM.

## I

Drechsel was employed as a claims adjuster at Liberty's predecessor beginning in 1990 and continued after Liberty acquired the company until he left in 2012. During his time at the company, Drechsel took multiple instances of medical leave, including leave in 2012 for depression, anxiety, and high blood pressure. After that last period of medical leave, Liberty's third-party administrator determined that Drechsel was not eligible for short-term disability benefits and denied his claim. Drechsel resigned his position soon after. He was 60 years old at the time. Months after leaving the company, Drechsel filed a charge with the Equal Employment Opportunity Commission alleging age discrimination, disability discrimination, and retaliation. Liberty moved for summary judgment on all of Drechsel's claims; the district court granted the motion and dismissed the case.

## II

"We review a district court's grant of summary judgment de novo, applying the same standard on appeal as that applied below." *Rogers v. Bromac Title Servs.*, 755 F.3d 347, 350 (5th Cir. 2014). Summary judgment is appropriate "if the movant shows that there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether a dispute of material fact exists, we "construe[] all facts and inferences in the light most favorable to the nonmoving party," bearing in mind that "[s]ummary judgment may not be thwarted by conclusional allegations, unsupported assertions, or presentation of only a

No. 16-11651

scintilla of evidence." *McFaul v. Valenzuela*, 684 F.3d 564, 571 (5th Cir. 2012) (internal quotation marks omitted).

## III

A. Age Discrimination Claims

Drechsel alleges that Liberty discriminated against him on account of his age in violation of the ADEA and TCHRA. *See* 29 U.S.C. §§ 621–634; Tex. Lab. Code Ann. § 21.051. To establish a prima facie case of age discrimination, Drechsel must show:

> (1) he is a member of a protected class, (2) he was qualified for the position at issue, (3) he was the subject of an adverse employment action, and (4) he was treated less favorably because of his membership in that protected class than were other similarly situated employees who were not members of the protected class, under nearly identical circumstances.

*Lee v. Kan. City S. Ry. Co.*, 574 F.3d 253, 259(5th Cir. 2009). There is no dispute that Drechsel satisfies the first two prongs. But the district court concluded that he could not show any adverse employment action was taken against him when compared to other Liberty employees in nearly identical circumstances. Accordingly, the district court granted Liberty summary judgment on Drechsel's age discrimination claims.

Drechsel argues on appeal that there are disputed issues of material fact regarding whether Liberty took an adverse employment action against him. Specifically, he contends that: (1) he was paid less than his younger colleagues; (2) he was not promoted because of his age; and (3) Liberty made his working conditions so intolerable as to constitute a constructive discharge. We address each in turn.

a. Compensation

Drechsel argued below that he was paid less than younger, otherwise similarly situated Liberty employees. But the comparators Drechsel pointed to

3

No. 16-11651

all held the title Claims Specialist III ("Specialist III"); Drechsel was a Claims Specialist II ("Specialist II"). The proffered comparators reported to a different supervisor, and handled more complex claims with higher payouts. Accordingly, the district court concluded that the higher paid employees were not in "nearly identical" circumstances when compared with Drechsel.

Drechsel argues on appeal that there are disputed issues of material fact as to whether he fulfilled substantially the same job responsibilities as Specialist III's, despite his title of Specialist II. He contends that, because there is record evidence he sometimes handled cases that would normally be within the purview of a Specialist III, he is entitled to use Specialist III's as comparators for purposes of determining whether his lesser compensation constituted an adverse employment action. We disagree.

Employment actions "will be deemed to have been taken under nearly identical circumstances when the employees being compared held the same job or responsibilities, shared the same supervisor or had their employment status determined by the same person, *and* have essentially comparable violation histories." *Turner v. Kan. City S. Ry. Co.*, 675 F.3d 887, 893 (5th Cir. 2012) (emphasis added) (*quoting Lee*, 574 F.3d at 260). Drechsel points to record evidence that he sometimes took on job responsibilities that would normally be given to a Specialist III. But he points to no evidence that he always or even usually carried the same responsibilities as Specialist III's. Furthermore, even if such evidence did exist, Drechsel concedes that his supervisor did not supervise Specialist III's. As such, Specialist III's cannot be considered "nearly identical" comparators to Drechsel.[1] Drechsel can point to no Specialist II's

---

[1] Drechsel mistakenly argues that a plaintiff can establish a nearly identical comparator by showing *either* similar job responsibilities *or* the same supervisor. Strangely enough, he cites to precisely the portion of *Turner* quoted above to ostensibly support this contention, even though the cited portion of that opinion expressly contradicts his argument.

No. 16-11651

who were paid more than he—indeed, the record evidence shows that he was the highest paid employee with that title. Drechsel cannot establish an adverse employment action by arguing that he was not paid as much as those who occupied more advanced positions within the Liberty hierarchy.

### b. Promotion

Drechsel contends that Liberty took an adverse employment action against him by not promoting him to Specialist III. In order to make out a prima facie failure-to-promote case, Drechsel must show that: "(1) [he] was within a protected class; (2) [he] was qualified for the position sought; (3) [he] was not promoted; and (4) the position sought was filled by someone outside the protected class." *Blow v. City of San Antonio*, 236 F.3d 293, 296 (5th Cir. 2001). On appeal, the parties dispute at length whether Drechsel can show that he sought a promotion, given that he never formally applied for the position of Specialist III. But the district court did not decide the issue on that ground. Rather, it concluded that, because Drechsel could not show that a younger employee was promoted to Specialist III during the appropriate time frame, he could not satisfy prong four. We agree.

The key legal question at issue arises out of the fact that Drechsel was required to file an EEOC charge of discrimination within 300 days "after the alleged unlawful employment practice occurred." 42 U.S.C. § 2000e-5(e)(1); 29 U.S.C. § 626(d)(1)(A)-(B). The district court calculated that Drechsel could not recover for any of Liberty's conduct occurring before March 10, 2012. Drechsel does not challenge that calculation. Drechsel highlighted one Liberty employee who was promoted to Specialist III to support his argument in the district court, but that person was promoted in February, 2010–more than two years before the applicable period. Because Drechsel could not point to any younger employee who was promoted to Specialist III *after* March 10, 2012, the district court concluded that he did not make out a claim that Liberty's failure to

5

No. 16-11651

promote him was an adverse employment action within the meaning of the applicable statutes.

Drechsel argues on appeal that the district court erred in requiring him to show *both* that he was not promoted after March 10, 2012 *and* that another younger employee was promoted during that time frame. Drechsel contends that he "is not required to show that persons outside his protected class were promoted within the 300 day period, but rather that *he* was discriminated against within that time period." Drechsel points to no caselaw to support this contention, and with good reason: the argument misunderstands the conceptual underpinnings of the test. The purpose of requiring a plaintiff to show a younger comparator who was promoted is that said showing is a necessary component of establishing discrimination in the first instance. If no employees whatsoever are promoted to the position at issue in the applicable time frame, then that tends to undermine the argument that a specific employee was not promoted for discriminatory reasons. Drechsel cannot establish that he was not promoted for discriminatory reasons simply because a younger employee was promoted years before the timeframe covered by his complaint.[2] Consequently, in the absence of any evidence that a younger similarly situated Liberty employee was promoted in the applicable time frame, Drechsel's contention fails.

c. Constructive Discharge

Drechsel argues that Liberty took an adverse employment action against him on account of his age in the form of constructive discharge. Constructive

---

[2] Drechsel also argues on appeal that he satisfied the fourth prong because record evidence indicates that two younger Liberty employees were promoted to Specialist III months after he was constructively discharged. Of course, if Drechsel was not constructively discharged but rather simply quit his job, then his employer's actions after he left have no bearing on any adverse employment determination. We conclude below that Drechsel was not constructively discharged; this argument fails accordingly.

discharge occurs when an employer makes an employee's working life so miserable as to effectively compel resignation. The law views such instances as if the employee was fired, even though he technically resigned. "Demonstrating constructive discharge imposes a high burden" on a plaintiff. *Robinson v. Waste Mgmt. of Tex.*, 122 F. App'x 756, 758 (5th Cir. 2004). To prove constructive discharge, a "plaintiff must establish that working conditions were so intolerable that a reasonable employee would feel compelled to resign." *Lauderdale v. Tex. Dep't of Criminal Justice, Inst. Div.*, 512 F.3d 157, 167 (5th Cir. 2007) (*quoting Brown v. Kinney Shoe Co.*, 237 F.3d 556, 566 (5th Cir. 2001)). We have identified a variety of factors that courts may consider in determining whether an employee was constructively discharged, including: "(1) demotion; (2) reduction in salary; (3) reduction in job responsibilities; (4) reassignment to menial or degrading work; (5) reassignment to work under a younger supervisor; (6) badgering, harassment, or humiliation by the employer calculated to encourage the employee's resignation; or (7) offers of early retirement." *Brown v. Bunge Corp.*, 207 F.3d 776, 782 (5th Cir. 2000). Drechsel relied on three factors in the district court, namely, discriminatory lack of promotion, badgering and harassment, and a heavier workload than his peers.

Because Drechsel cannot establish that Liberty's failure to promote him was discriminatory—as noted above—that factor is not applicable to his circumstances. As for badgering and harassment, Drechsel argues that emails from his supervisor "requesting status updates on particular claims, progress with license applications and issues with his claims diary" were sufficient to constitute constructive discharge. The district court rejected this argument, and rightly so. Drechsel points to no record evidence that the emails in question were unusually abrasive in tone or substance, or that they were somehow

outside the bounds of reasonable supervisory behavior. This leaves only Drechsel's allegation that he was given a substantially heavier workload than his peers. The evidence in the record indicates that the number of claims assigned to individual Specialist II's varied quite a bit month to month.[3] There were some months when Drechsel was given more than others, but there were also months when he was not. We conclude that Drechsel's allegation of a heavier workload, based as it is on weak record evidence, is insufficient on its own to meet the "high burden" of establishing constructive discharge.

\* \* \*

Because Drechsel cannot establish any dispute of material fact as to whether Liberty took any adverse employment action against him, his age discrimination claims fail as a matter of law. Accordingly, we AFFIRM the district court's grant of summary judgment on Drechsel's age discrimination claims.

B. Disability Discrimination Claims

To make out a prima facie case of disability discrimination under the ADA and TCHRA, Drechsel must prove: "(a) [he] is disabled, has a record of having a disability, or is regarded as disabled, (b) [he] is qualified for [his] job, (c) [he] was subjected to an adverse employment action on account of [his] disability or the perception of [his] disability, and (d) [he] was replaced by or treated less favorably than non-disabled employees." *Equal Emp't Opportunity Comm'n v. Chevron Phillips Chem. Co., LP*, 570 F.3d 606, 615 (5th Cir. 2009). Drechsel conceded below that he was not disabled and did not have a record of disability. He instead rested his claim on the theory that Liberty employees

---

[3] Liberty strongly disputes Drechsel's interpretation of the case assignment data at issue here. We need not delve into this dispute, however, because we conclude that Drechsel cannot establish constructive discharge even accepting his reading of the data.

No. 16-11651

regarded him as disabled when he returned to work following his final stretch of medical leave.

The district court concluded that Drechsel could not establish that Liberty regarded him as disabled because Drechsel never informed any employee at Liberty that he had been diagnosed with anxiety and depression.[4] Accordingly, the district court held that Drechsel could not establish the first prong and dismissed his disability discrimination claims. The only evidence Drechsel cites on appeal in arguing that there is a dispute of material fact on the issue is a doctor's note that stated he "was unable to work due to medical necessity" and a comment to his supervisor to the effect that he was "experiencing serious health issues." This paltry evidence is not enough to raise any material dispute as to whether Liberty regarded Drechsel as disabled.

Even if we did accept that the district court erred in resting its holding on the first prong, we would still conclude that Liberty is entitled to summary judgment. The only adverse employment action Drechsel alleges with regard to his disability claims is constructive discharge. As noted above, however, Drechsel has not established any basis for the contention that he was, in fact, constructively discharged. Thus, even if Drechsel could get past the first prong, his prima facie case would sill fail at prong three. The district court's grant of summary judgment as to Drechsel's disability discrimination claims is AFFIRMED.

---

[4] On appeal Drechsel accurately notes that the district court erroneously applied outdated caselaw interpreting the "regarded as" prong. The cases cited by the district court preceded the 2008 amendments to the ADA, which altered that standard somewhat. This error was clearly harmless, however, because: (1) Drechsel still cannot establish any dispute of material fact as to whether he was regarded as disabled applying the appropriate standard; and (2) even if he could, he cannot show any adverse employment action was taken against him.

C. FMLA Retaliation

Drechsel's final argument on appeal is that the district court erred in granting Liberty summary judgment as to Drechsel's claim that Liberty retaliated against him when he returned to work from FMLA leave. To make out a claim for retaliation under the FMLA, Drechsel must show: "[1] he was protected under the FMLA; [2] he suffered an adverse employment action; and [3] he was treated less favorably than an employee who had not requested leave under the FMLA or the adverse decision was made because he sought protection under the FMLA." *Mauder v. Metro. Transit Auth. of Harris Cnty,* 446 F.3d 574, 583 (5th Cir. 2006). The only adverse employment actions Drechsel proffers to support his FMLA argument are the same ones described above: lack of promotion, disparate compensation, and constructive discharge. Because we find that Drechsel has not pointed to sufficient record evidence to create any dispute of material fact as to any of these, we conclude that he has not established a prima facie showing of adverse employment action. His FMLA contention therefore fails.

IV

The district court's grant of summary judgment is AFFIRMED.