# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
February 15, 2019

Lyle W. Cayce
Clerk

No. 17-10607

UNITED STATES OF AMERICA,

      Plaintiff - Appellant

v.

VERNON LEE WHEELER,

      Defendant - Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:16-CR-75-1

ON PETITION FOR REHEARING

Before KING, HAYNES, and HIGGINSON, Circuit Judges.

PER CURIAM:*

      The petition for panel rehearing filed by the Government is GRANTED, and the opinion of the court entered on August 1, 2018 (*United States v. Wheeler*, 733 F. App'x 221 (5th Cir. 2018) (per curiam)), is VACATED. The following opinion is substituted in its place.

---

      * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-10607

Vernon Lee Wheeler pleaded guilty to a charge of felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  During sentencing, the question arose of whether Wheeler's four prior convictions under Texas law for aggravated robbery qualified as "violent felonies" for purposes of the Armed Career Criminal Act ("ACCA").  18 U.S.C. § 924(e)(1) (providing a fifteen-year mandatory minimum sentence).  The district court ruled in Wheeler's favor and sentenced him to thirty-three months.  The Government timely appealed.

In our original opinion, we relied upon *United States v. Burris*, 896 F.3d 320 (5th Cir. 2018), which held that simple robbery is not a crime of violence for purposes of the ACCA.  That conclusion was important because we concluded that the United States had waived "any argument based on the divisibility of the Texas aggravated robbery statute, as well as any argument based on differences between simple and aggravated robbery." *Wheeler*, 733 F. App'x at 222–23.  The *Burris* opinion we relied upon has since been withdrawn. *United States v. Burris*, 908 F.3d 152 (5th Cir. 2018) (per curiam). Additionally, in the intervening time between our original opinion and this opinion, additional decisions have been issued in other cases that bear upon the relevant law applicable to the issues here, particularly:  *Stokeling v. United States*, 139 S. Ct. 544 (2019) and *United States v. Reyes-Contreras*, 910 F.3d 169 (5th Cir. 2018) (en banc).

Both sides have had an opportunity to brief these cases.  In addition to arguing the impact of these cases on this case, Wheeler argues that applying the new decisions retroactively violates due process.

Having considered the arguments of the parties in light of applicable law, we conclude that it is best to vacate the sentence in this case and remand for a full resentencing where the district court will have the opportunity, in the first instance, to consider the sentence in this case in light of these and any other new cases, as well as the arguments about whether applying such cases

No. 17-10607

to Wheeler's sentence is consistent with due process.  *See, e.g., United States v. Darwish*, No. 17-60228, 2018 U.S. App. LEXIS 32256, at \*8–9 (5th Cir. Nov. 14, 2018) (per curiam); *United States v. Hoffman*, 901 F.3d 523, 560 (5th Cir. 2018), *petition for cert. filed*, (Feb. 11, 2019) (No. 18-1049); *Luke v. CPlace Forest Park SNF, L.L.C.*, 608 F. App'x 246, 246-47 (5th Cir. 2015); *Vicknair v. Formosa*, 98 F.3d 837, 838-39 (5th Cir. 1996).  Accordingly, the district court's sentence[1] is VACATED, and the case is REMANDED for resentencing.

---

[1] Wheeler did not appeal his conviction, which remains in place.